**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IVOR JALLAH,** | ) | |
| #19460509 | ) | |
| Petitioner, | ) | |
| **vs.** | ) | **No. 3:22-CV-2449-L (BH)** |
| | ) | **No. 3:21-CR-380-L** |
| | ) | |
| **C. RIVERS,** | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on November 2, 2022 (doc. 3), should be **DISMISSED** for failure to exhaust available remedies.

## I.    BACKGROUND

Ivor Jallah (Petitioner), a federal pretrial detainee at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges his pretrial detention in United States v. Jallah, No. 3:21-CR-380-L (N.D. Tex.).  (*See* doc. 3 at 2.)[2]  He names the warden of FCI Seagoville as the respondent.  (*See id.* at 1.)

On July 19, 2021, Petitioner was charged by criminal complaint with making a false statement in purchase of a firearm in violation of 18 U.S.C. § 922(a)(6).  (*See* No. 3:21-CR-380-L, doc. 1.)  On July 23, 2021, he was ordered detained pending trial.[3]  (*See id.*, doc. 7.)  On August

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Petitioner's pre-trial release in a separate criminal case against him was revoked the same day.  (*See* No. 3:20-CR-576-L(2), doc. 60.)

17, 2021, he was charged by indictment with one count of false statement in purchase of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). (*See id.*, doc. 11.) Petitioner's motion for reconsideration of the detention order, filed on March 28, 2022, was denied on April 15, 2022. (*See id.*, docs. 29, 32.) His trial is currently scheduled for December 12, 2022, although he has filed a motion for a continuance. (*See id.*, docs. 47-48.)

The § 2241 petition asserts the following grounds for relief:

(1) [Petitioner] respectfully moves the court to dismiss this case at hand on the grounds of the recently overturned conviction of *U.S. v. Jose Gomez Quiroz* case no. 422-Cr-00104-DC, where the defendant Quiroz attempted to purchase a firearm while under felony indictment by making a false statement on his gun application. . . .;

(2) The court had numerous opportunities to order [Petitioner] to surrender all and any firearms but failed to, as well as failed to advise [Petitioner] a [sic] loss of privileges to own or posses [sic] any firearms. . . .; and

(3) The court's decision to continue to detain [Petitioner] pre-trial and revoke his bond due for a non-capital & non-violent underlying healthcare fraud charge is unconstitutional . . . .

(doc. 3 at 9-10.) Petitioner seeks dismissal of the underlying criminal case and immediate release. (*See id.* at 7.)

## II.     EXHAUSTION

Although habeas corpus is an appropriate remedy for an individual in custody in violation of the Constitution, district courts should withhold granting relief in habeas actions "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle,* 342 U.S. 1, 6 (1951) (citations omitted). "[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins,* 245 U.S. 390, 391 (1918) (citations omitted).

Here, Petitioner has adequate remedies available in the underlying criminal case. He may challenge the order of pretrial detention in his criminal case under 18 U.S.C. § 3145. Section 3145(b) provides that a person ordered detained by a magistrate judge may file a motion for revocation or amendment of the detention order. 18 U.S.C. § 3145(b). If the district judge denies the motion for revocation or amendment of the detention order, the detainee may appeal the decision to the Fifth Circuit, as provided by 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291. While the Fifth Circuit has declined to find that § 3145 is the exclusive means for a federal prisoner to challenge a pretrial detention order, it has expressly made clear that § 3145 is the preferred and appropriate means for doing so. *Fassler v. United States,* 858 F.2d 1016, 1017-19 (5th Cir. 1988). Although Petitioner has previously sought review of the order of detention in the underlying criminal case by the district judge, he has not availed himself of the right to appeal to the Fifth Circuit after the denial of same. Nor has he availed himself of his right under § 3145 to appeal the detention order to the district judge and the Fifth Circuit based on the alleged grounds in his § 2241 petition that were not raised previously. (*See* doc. 3 at 9-10.)

Further, to the extent Petitioner challenges the constitutionality of the indictment in his pending federal prosecution, a "pre-trial writ of habeas corpus is only available to a defendant in extraordinary circumstances." *U.S. v. Bowler,* 62 F.3d 397, 1995 WL 449713, *1 (5th Cir. 1995) (per curiam). In *Bowler,* after the district court denied their motion to dismiss the indictment against them, two pre-trial detainees filed a petition under § 2241 challenging it. *Id.* Noting "'the settled principle that a writ of habeas corpus may not be used. . .as a substitute for the ordinary proceedings of a trial court[,]'" the Fifth Circuit found no "'rare and exceptional'" circumstances warranting consideration of the pre-trial writ as a substitute for a direct appeal. *Id.* at *2 (citing *United States v. Saegert,* 251 F.2d 59 (5th Cir. 1957)). The court concluded that the petitioners'

3

arguments should be "presented and reached 'in the orderly administration of justice.'"[4] *Id.; see also Bailey v. Cruz,* No. 3:11-CV-1712-K (N.D. Tex. Aug. 3, 2011) (dismissing a § 2241 petition filed by a federal pretrial detainee for failing to exhaust his remedies with respect to his speedy trial and conspiracy claims). Here, Petitioner has not challenged his indictment in the underlying criminal case, where he is represented by appointed counsel, and § 2241 does not provide him an avenue to preempt the ongoing criminal proceedings.

Accordingly, Petitioner should be required to fully exhaust the remedies available to him in his pending criminal case, and his challenge under §2241 to his pretrial detention and prosecution should be dismissed.

### III.    RECOMMENDATION

The *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received on November 2, 2022 (doc. 3), should be **DISMISSED** for failure to exhaust available remedies.

**SIGNED this 1st day of December, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Other circuits have likewise dismissed § 2241 petitions raising claims or defenses to pending federal prosecutions in favor of the pending criminal case. *See, e.g.*, *Williams v. Hackman,* 364 F. App'x 268 (7th Cir. 2010) (holding that "a federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case.") (citing *Jones* and *Fassler*); *In re Williams,* 306 F. App'x 818 (4th Cir. 2009) (dismissing § 2241 petition and noting that claims of illegal arrest, unlawful detention, and violation of speedy trial rights could be raised in the pending criminal case); *Chandler v. Pratt,* 96 F. App'x 661 (10th Cir. 2004) (affirming dismissal of § 2241 petition raising defective indictment and speedy trial act claims for failure to exhaust available remedies where claims should have been, and were being, pursued in criminal case because allowing claims would waste judicial resources and encourage judge shopping); *Horning v. Seifart,* 107 F.3d 11 (6th Cir. 1997) (Table) (finding that § 2241 cannot be invoked to raise defenses to a pending federal criminal prosecution) (*citing Jones* ).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5