IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IVOR JALLAH,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-2449-L-BH** |
| § | Criminal No. 3:21-CR-380-L |
| **C. RIVERS,** § | |
| § | |
| Respondent. § | |

# ORDER

On December 1, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court deny Petitioner's habeas corpus challenge, pursuant to 28 U.S.C. § 2241, to his pretrial detention (Doc. 3) for failure to exhaust available administrative remedies. The Report reasons that Petitioner has adequate remedies available to him in his pending criminal case to challenge his pretrial detention of which he has yet to avail himself. In addition, the Report reasons that § 2241 is not a substitute for ordinary trial court proceedings in a criminal case, and no exceptional circumstances exist to warrant such relief.

Defendant filed objections to the Report (Doc. 6), contending that: (1) dismissal is inconsistent with 42 U.S.C. § 1997e(c); (2) his failure to exhaust is attributable to the refusal of his two attorneys to appeal and exhaust administrative remedies in his criminal case; (3) the appropriate remedy by a person in custody is a habeas corpus petition because criminal defendants cannot file appeals independently without counsel; and (4) his ability to gather evidence, contact witnesses, and prepare his defense has been hindered as a result of his being detained, even though he has not been convicted of anything yet.

**Order – Page 1**

As correctly noted by the magistrate judge, Petitioner has adequate available remedies in his criminal case to challenge his pretrial detention that he has not yet pursued. The court, therefore, agrees that this section 2241 habeas action should be dismissed for the reasons stated in the Report. Petitioner also recently retained new counsel in his criminal case. This appears to moot any complaints about his prior attorneys, as well as Petitioner's assertion about preparing his defense, which can be done by his newly retained attorney. Further, 42 U.S.C. § 1997e(c) is not relevant here because the magistrate judge recommended that Petitioner's habeas petition and challenge to his pretrial detention be denied for failure to exhaust administrative remedies. Section 1997e(c), on the other hand, governs dismissal of frivolous prisoner suits and provides for the dismissal of such suits and claims in certain circumstances without first requiring the exhaustion of administrative remedies. Petitioner's objections are, therefore, **overruled**.

Having considered the habeas petition (Doc. 3), pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 3) and **dismisses without prejudice** this habeas action for failure to exhaust administrative remedies.

A certificate of appealability is not required to appeal the denial of relief under 28 U.S.C. § 2241. *See Padilla v. United States*, 416 F. 424, 425 (5th Cir. 2005). If Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* and a properly signed certificate of inmate trust account.

**Order – Page 2**

**It is so ordered** this 19th day of January, 2023.

_____
Sam A. Lindsay
United States District Judge